**Kippen B. WICKWIRE, Plaintiff–Appellant,**

v.

**Mike BECKETT, President of Marquardt Switches Inc., Debbie Thompson, Supervisor, Defendant,**

**Marquardt Switches Inc., Defendants–Appellees.**

**No. 03–9131–CV.**

United States Court of Appeals, Second Circuit.

May 11, 2005.

Kippen B. Wickwire, Canastota, NY, for Appellant, pro se.

Robert A. Barrer, Hiscock & Barclay LLP (Christopher J. Harrigan, on the brief), Syracuse, NY, for Appellees.

Present: SOTOMAYOR, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Kippen B. Wickwire appeals the district court's grant of summary judgment in favor of Marquardt Switches, Inc. ("Marquardt Switches"), in his employment discrimination action. We assume the parties' familiarity with the facts and procedural history of the case.

We review orders granting summary judgment *de novo. See Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted). In order to make out a *prima facie* case of discriminatory termination, in violation of Title VII of the Civil Rights Act of 1964, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position or job for which he applied; (3) an adverse employment action took place; and (4) the decision occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once a plaintiff alleges a *prima facie* case of discrimination, the burden of production shifts to the employer to submit admissible evidence of a legitimate non-discriminatory reason for its adverse employment decision. *See Shumway v. United Parcel Serv.,* 118 F.3d 60, 63 (2d Cir.1997); *see also McDonnell Douglas Corp.,* 411 U.S. at 804. The plaintiff may then submit his own admissible evidence that would be sufficient to permit a rational finder of fact to infer that the employer's proffered reason is a pretext for an impermissible motivation. *See id.,* 411 U.S. at 804–05. The plaintiff is not entitled to judgment, however, unless the plaintiff shows that the challenged employment decision was "more likely than not motivated, in whole or in part, by unlawful discrimination." *Howley v. Town of Stratford,* 217 F.3d 141, 150 (2d Cir.2000); *see St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 523–24, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In an age discrimination action, courts generally adopt the burden of proof analysis used in Title VII cases pursuant to *McDonnell Douglas Corp. See Fisher v. Vassar,* 70 F.3d 1420, 1433 (2d Cir.1995).

The district court properly found that Wickwire had "arguably" established a *prima facie* case of discrimination, but that he did not establish that Marquardt Switches's legitimate nondiscriminatory reason for his termination was a pretext for discrimination. Wickwire's conclusory graph evidence, his conclusory assertions concerning the age of female employees,

his statements concerning the quality of his work, and the isolated statements made by his supervisors were not sufficient to overcome Marquardt Switches's evidence that Wickwire's employment was terminated because he had an unsatisfactory performance rate.

Accordingly, the judgment of the district court is hereby AFFIRMED.